**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID ANDRES BACA,

     Plaintiff,

v.

                         Case No. 1:26-cv-01655-MIS-LF

LEEWARD RENEWABLE ENERGY
DEVELOPMENT, LLC, DEUTSCHE
WINDTECHNIK, INC., CAMERON
SANDOVAL, CAPROCK WIND, LLC, and
3M COMPANY,

     Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

**THIS MATTER** is before the court on Plaintiff David Andres Baca's Motion to Remand to State Court ("Motion"), ECF No. 8, filed June 9, 2026. Defendant 3M Company filed a Response on June 23, 2026 ("Response"), ECF No. 9, to which Plaintiff filed a limited Reply on July 17, 2026 ("Reply"), ECF No. 13. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motion.

I.     **Relevant Background**

Plaintiff is a citizen of New Mexico. Mot. at 1. Defendant Cameron Sandoval is also a citizen of New Mexico. First Am. Compl. ("Am. Compl.") ¶ 4, ECF No. 1-3. The remaining Defendants are foreign corporations. Id. ¶¶ 2-3, 5-6.

During the relevant period, Defendant Deutsche Windtechnik, Inc. ("DW") employed Plaintiff as an Associate Technician to inspect, maintain, and repair wind turbines. Id. ¶ 1. One of DW's customers—either Defendant Leeward Renewable Energy Development, LLC ("LRED") or Defendant Caprock Wind, LLC ("Caprock")—owns the Leeward Wind Farm in Quay County,

New Mexico, which operates wind turbines. Id. ¶ 9. DW provided maintenance and repair services to either LRED or Caprock at the Leeward Wind Farm. Id. ¶ 10.

On October 20, 2023, Defendant Sandoval was assigned as the Team Lead on the DW crew to which Plaintiff was assigned. Id. ¶ 11. As Team Lead, Defendant Sandoval exercised supervisory authority over the assignment, implementation, and oversight of all safety procedures related to the turbine inspection. Id. Supervisory employees were required to conduct safety meetings before the technicians started work at their assigned wind towers, and were required to warn the technicians of any safety hazards before work commenced. Id. ¶ 10. On October 20, 2023, Defendant Sandoval "failed to warn Plaintiff about defective safety equipment of which he was aware." Id.

DW's technicians are required to ascend a ladder approximately 270 feet to the top of each wind turbine to perform their assigned tasks. Id. ¶ 12. Once inside the tower, DW's technicians connect to dual safety mechanisms before beginning their climb. Id. ¶ 13. These include a climb-assist system and a fall-arrest cable equipped with a Lad-Saf vertical safety system, which is a product designed, manufactured, marketed, distributed, and/or sold by Defendant 3M Company ("3M"). Id. ¶¶ 13-14. The Lad-Saf system is designed to arrest falls by means of a sleeve device that rides along a vertical cable and is intended to engage and lock in the event of a fall, thereby preventing the user from falling to the ground. Id. ¶ 14.

On October 20, 2023, Plaintiff was assigned to inspect a wind turbine at the Leeward Wind Farm. Id. ¶ 15. After performing his duties and beginning his descent from the top of the ladder, Plaintiff fell. Id. ¶¶ 15-16. The Lad-Saf fall-arrest device malfunctioned and broke, rendering the primary fall-arrest system completely inoperable. Id. ¶ 17. Thereafter, the polymer climb-assist line unexpectedly snapped and broke, leaving Plaintiff with no safety support whatsoever, sending

Plaintiff into a freefall to the bottom of the tower.  Id. ¶ 18.  Plaintiff survived the fall but suffered

multiple injuries, ultimately losing his lower left leg.  Id. ¶¶ 18-19.

DW's supervisors, including Defendant Sandoval, "had previously been informed by other

DW technicians of the safety hazard posed by the frayed, worn, and/or defective climb-assist line."

Id. ¶ 41.  "Despite this actual knowledge, said Defendants disregarded the danger and knowingly

allowed Plaintiff to continue performing daily work tasks inside the subject wind tower."  Id.

Additionally, Defendant Sandoval "wholly failed to inform the owners of the subject wind turbine

. . . of the need to replace the subject climb-assist line."  Id.

Plaintiff sued DW, LRED, Caprock, 3M, and Sandoval in the Tenth Judicial District Court

in Quay County, New Mexico.  See Am. Compl. at 1.  Plaintiff filed the operative First Amended

Complaint on May 21, 2026.  ECF No. 1-3.  As relevant here, Plaintiff's Seventh Cause of Action

alleges "Reckless Supervision/Gross Negligence" against Defendant Sandoval.  Id. ¶¶ 50-54.  It

alleges that:

> 51. Defendant Sandoval's conduct—particularly his conscious disregard of known
> hazards, his failure to communicate warnings during the daily safety meeting, and
> his choice to proceed without required safety equipment—constitutes reckless
> supervision and gross negligence.
>
> 52. Sandoval knew or should have known that requiring Plaintiff to proceed inside
> the turbine using a frayed climb-assist line and defective fall-arrest cable posed a
> substantial likelihood of serious harm.
>
> 53. By continuing in his supervisory role and authorizing use of unsafe equipment
> despite actual knowledge of its defects, Sandoval acted with wanton disregard for
> Plaintiff's safety.

Id. ¶¶ 51-53.  Defendant Sandoval has moved to dismiss the claims against him in the state court

action.  Notice of Removal ¶ 23, ECF No. 1.

3

On May 21, 2026, Defendant 3M filed a Notice of Removal in the United States District Court for the District of New Mexico, invoking the Court's diversity jurisdiction. Id. ¶ 8. It asserts that Defendant Sandoval has been fraudulently joined because Plaintiff is unable to assert a cause of action against him. Id. ¶ 22. Specifically, it argues that the claims against Defendant Sandoval are barred under New Mexico's Workers' Compensation Act ("WCA"). Id.

On June 9, 2026, Plaintiff filed the instant Motion to Remand, ECF No. 8, to which 3M filed a Response, ECF No. 9. On July 10, 2026, the Court ordered Plaintiff to "file a Reply limited to 3M's argument that Plaintiff 'may be completely barred from all Delgado claims under Salazar v. Torres, 2007-NMSC-019, 158 P.3d 449.'" ECF No. 12 (quoting Resp. at 18). On July 17, 2026, Plaintiff filed a limited Reply, ECF No. 13, and Declaration in support thereof, ECF No. 13-1.

## II.    Legal Standard

Federal district courts "are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377 (citations omitted).

When a defendant removes a case to federal court, it must file a notice of removal "containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). This case was removed pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "that complete diversity of

citizenship exists between the adverse parties . . . ." Dutcher v. Matheson, 733 F.3d 980, 987 (10th Cir. 2013) (quoting Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006)). "Complete diversity is lacking when any of the plaintiffs has the same [citizenship] as even a single defendant." Id.

Where, as here, a defendant shares a state of citizenship with the plaintiff, diversity jurisdiction may still be established if that defendant was "fraudulently joined." See id. at 988 (citing Smoot v. Chi., Rock Island & Pac. R.R. Co., 378. "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (quoting Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011)). "Under the second way, the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Cuevas, 648 F.3d at 249 (quotation marks and citation omitted); see also Montano v. Allstate Indem., No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) ("To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court.") (alterations in original) (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)); Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1255 (D.N.M. 2014).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Dutcher, 733 F.3d at 988 (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)).

5

## III.    Discussion

Plaintiff argues that 3M failed to carry its heavy burden of establishing fraudulent joinder. Mot. at 4. He argues that the Amended Complaint plausibly alleges Defendant Sandoval engaged in "willful" conduct, id. at 5 (quoting Am. Compl. ¶¶ 41, 52-53), and willful conduct falls outside the Worker's Compensation Act's ("WCA") exclusivity provision pursuant to Delgado v. Phelps Dodge Chino, Inc., 34 P.3d 1148, 1155-56 (N.M. 2001), id. at 5-9. He argues that under Delgado and Morales v. Reynolds, 97 P.3d 612, 615, 619 (N.M. Ct. App. 2004), "a willful-conduct claim against a supervisory co-employee is cognizable in New Mexico, and the only real question is the factual one of willfulness—a question that, in a fraudulent joinder-based removal/remand, must be resolved in Plaintiff's favor, not 3M's." Id. at 6-7 (citing Dutcher, 733 F.3d at 988).

3M argues that Defendant Sandoval has been fraudulently joined to defeat diversity. Resp. at 6-19. It argues that under the WCA's exclusivity provision, N.M. Stat. Ann. § 52-1-9 (1978), an employer's employees are immune from tort suits brought by co-employees." Id. at 8 (citing Street v. Alpha Constr. Servs., 143 P.3d 187, 188 (N.M. Ct. App. 2006)). It argues that Plaintiff failed to establish that the Delgado exception applies in this case. Id. at 8-19.

New Mexico's Worker's Compensation Act provides the exclusive remedy for an employee's accidental injury or death where the following conditions occur:

A. at the time of the accident, the employer has complied with the provisions thereof regarding insurance;

B. at the time of the accident, the employee is performing service arising out of and in the course of his employment; and

C. the injury or death is proximately caused by accident arising out of and in the course of his employment and is not intentionally self-inflicted.

6

N.M. Stat. Ann. § 52-1-9.  In <u>Delgado</u>, the New Mexico Supreme Court recognized an exception to this exclusivity provision.  34 P.3d at 1150.  Specifically, the court held "when an employer willfully or intentionally injures a worker, that employer . . . loses the rights afforded by the Act." <u>Id.</u>

> For purposes of the Act, willfulness occurs when: (1) the worker or employer engages in an intentional act or omission, without just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer expects the injury to occur, or has utterly disregarded the consequences of the intentional act or omission; and (3) the intentional act or omission proximately causes the worker's injury.

<u>Id.</u>  The Parties do not dispute that the Section 52-1-9's conditions are satisfied in this case. However, the Parties dispute whether Plaintiff can establish a <u>Delgado</u> claim against Defendant Sandoval.  <u>See</u> Mot. at 5-9; Resp. at 9-19.

Plaintiff argues that the <u>Delgado</u> exception applies to supervisors and co-workers, Mot. at 7 (citing <u>Chavez v. Thomas & Betts Corp.</u>, Civ. No. 01-1314 RLP/WDS, 2003 U.S. Dist. LEXIS 30065, at *11-13 (D.N.M. June 25, 2003)), and the Amended Complaint "pleads precisely the sort of facts required to establish <u>Delgado</u>'s willful-conduct exception[,]" <u>id.</u> at 8 (citing Am. Compl. ¶¶ 11, 38-53).  He argues the New Mexico Court of Appeals has held that facts "materially indistinguishable" to those asserted in this case, i.e., "—warnings, actual knowledge of a specific hazard, and a directive to proceed anyway—satisfied all three <u>Delgado</u> elements and easily cleared the pleading threshold."  <u>Id.</u> at 8-9 (citing <u>Richey v. Hammond Conservancy Dist.</u>, 346 P.3d 1183, 1189-90 (N.M. Ct. App. 2015)).

3M argues that Plaintiff cannot establish a <u>Delgado</u> claim.  Resp. at 9-19.  It argues that: (1) "New Mexico federal courts have held that similar allegations are insufficient to survive a motion to dismiss[,]" Resp. at 11-14 (citing <u>Anchondo v. Basic Energy Servs., Inc.</u>, No. 14-CV-

7

0624 MCA/SMV, 2015 WL 12777961, at *7 (D.N.M. Mar. 18, 2015)); (2) the Amended Complaint does not plausibly allege that Sandoval expected the alleged defect would result in injury, and, in fact, it alleges that the incident was unexpected, id. at 14 (citing Am. Compl. ¶¶ 17-18); (3) this Court's decision in Romero v. Costco Wholesale Corp., No. 1:22-cv-00527 MIS/GBW, 2023 WL 2157592, at *3 (D.N.M. Feb. 22, 2023)—where the Court found that a defendant was fraudulently joined—applies here, id. at 15-16; (4) the cases to which Plaintiff cites either support 3M's position or are inapposite, id. at 17-18; and (5) Plaintiff "may be completely barred from all Delgado claims under Salazar v. Torres, 2007-NMSC-019, 158 P.3d 449[,]" id. at 18.

Initially, the Court finds that Plaintiff is not barred from asserting a Delgado claim under Salazar.  In Salazar, the New Mexico Supreme Court held that when a worker is injured on the job and questions whether the injury was intentionally inflicted by the employer, he may collect interim workers' compensation benefits while pursuing an intentional tort action under Delgado. 158 P.3d at 450, 454.  However, the court further held that "when a worker enters into a final settlement of the workers' compensation claim in exchange for a lump-sum payment of indemnity benefits [under N.M. Stat. Ann. § 52-5-12(A)], then the worker may not proceed further with a Delgado claim."  Id. at 450; see also id. at 457.  This is because

> An award of a lump-sum payment pursuant to Section 52–5–12(A) to resolve a compensation claim against an employer amounts to a final determination that the injury was accidental. Requesting such extensive benefits goes beyond providing an injured worker with an opportunity to have a district court make a determination regarding the nature of the injury. It is an anticipatory payment of all future benefits. A worker receives this large payment to complete the compensation claim. See § 52–5–12(B). To allow a worker to receive such future benefits, and then subsequently pursue a Delgado claim in district court, would be unfair to the employer, tilting the statutory balance of the Act in favor of the worker, and therefore contrary to legislative intent.

Id. at 456-57.

Here, Plaintiff has filed a Declaration averring that he has "not entered into or received a workers' compensation final settlement in relation the October 20, 2023, accident that is the subject of this lawsuit[,]" and has "not entered into or received a workers' compensation final lump sum payment in relation to the October 20, 2023 accident that is the subject of this lawsuit." ECF No. 13-1. Therefore, the Court finds that Plaintiff is not barred from asserting a Delgado claim under Salazar.

And, after carefully reviewing the Parties' arguments and the cases upon which they rely, the Court finds that 3M has failed to demonstrate there is no possibility of recovery by Plaintiff against Defendant Sandoval, the non-diverse defendant. Both Parties present plausible arguments regarding whether Plaintiff can establish a Delgado claim against Defendant Sandoval. Considering all factual and legal issues in favor of Plaintiff, the Court concludes that it is at least possible that Plaintiff can establish a Delgado claim against Defendant Sandoval.

Accordingly, 3M failed to prove that Defendant Sandoval was fraudulently joined, the Court lacks diversity jurisdiction, and the case must be remanded to state court. See Lobera v. FedEx Ground Package Sys., Inc., No. 2:24-cv-00166-DHU-KRS, 2024 WL 4627581, at *4 (D.N.M. Oct. 30, 2024) (granting motion to remand where it was at least possible that the plaintiff could establish a Delgado claim against the non-diverse defendant); Hernandez v. Greene's Energy Grp., LLC, No. 1:20-CV-76 WJ/KRS, 2020 WL 1443838, at *2-3 (D.N.M. Mar. 25, 2020) (same); Hernandez v. Menlo Logistics, Inc., No. CIV 12–0907 JB/WPL, 2013 WL 5934411, at *43 (D.N.M. Sep. 30, 2013) (same).

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Plaintiff's Motion to Remand to State Court, ECF No. 8, is **GRANTED**;

2.      The Clerk's Office shall take all necessary steps to effectuate remand to the Tenth

Judicial District Court for Quay County, New Mexico; and

3.      This case is now **CLOSED**.


_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE